FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 20 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| R.P. AND R.P., INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF R.P., <br><br> PLAINTIFFS <br><br> VS. <br><br> VILONIA SCHOOL DISTRICT, <br><br> DEFENDANT | 4:18-CV-698-BSM <br><br> DPH CASE NO. H-18-21 <br><br> This case assigned to District Judge Miller <br> and to Magistrate Judge Deere |

## COMPLAINT

R.P. and R.P. ("Parents"), as Parents of Next Friends of R.P. ("Student"), for their Complaint state:

### Introduction

1. Parents filed a due process complaint pursuant to the Individuals with Disabilities Education Act ("IDEA") against the Vilonia School District ("District"). The hearing officer issued his final decision and order on 23 June 2018. The hearing officer found that the District denied Student a free appropriate public education ("FAPE") during the 2017-18 school year but

failed to award appropriate relief. Moreover, the hearing officer's decision is fatally infected by legal errors prejudicing Parents. Thus, Parents are both the prevailing party and a party aggrieved by the hearing officer's decision. Accordingly, Parents seek attorneys' fees as the prevailing party and appeal the hearing officer's decision as an aggrieved party. *See* 20 U.S.C. §1415(i)(2), (3).

2.     Parents also seek relief pursuant to §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a). The District physically and emotionally harmed Student in bad faith or with gross misjudgment by departing substantially from accepted professional judgment, practice or standards as to demonstrate that those responsible actually did not base the decision on such a judgment. The District also unlawfully retaliated against Parents and Student for asserting their rights under the IDEA and §504. Accordingly, Parents, individually and on behalf of Student, seek compensatory damages for pecuniary and non-pecuniary harm caused by the District.

3.     Parents are the proper parties to bring this action as the parents and next friends of Student. *See* Fed. R. Civ. P. 17(2). Student is a minor with a date of birth of 19 January 2008.

## Jurisdiction and Venue

4.     This Court has jurisdiction of Parents' claim for attorneys' fees and Parent's IDEA appeal pursuant to 20 U.S.C. §1415(i)(2) and (3). This Court

has jurisdiction of Parents' individual §504 claims and Student's §504 claim pursuant to 28 U.S.C. §1331 and §1343(a).

5.     This Court is the proper venue for Parents' claims. *See* 28 U.S.C. §1391(b). Parents reside in Faulkner County, Arkansas. The District is located in Faulkner County, Arkansas. The events giving rise to Parents' Complaint occurred in Faulkner County, Arkansas. Faulkner County, Arkansas is in the Eastern District of Arkansas, Western Division. *See* 28 U.S.C. §83.

### IDEA Appeal

6.     In reviewing an IDEA appeal, a district court should answer two questions: (1) Whether the District complied with the IDEA's procedures; and, (2) Whether the IEP was reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206–07 (1982). *See Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 1001 (2017) ("[The IDEA] requires an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."). If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more. *Rowley*, 458 U.S. at 207.

7.  An IDEA procedural violation is best understood in contrast to a substantive violation. A substantive violation arises when a school district fails to provide "an educational program reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew*, 137 S.Ct. at 1001. A procedural violation arises when a school district fails to comply with any other requirement of the IDEA or its implementing regulations. *See, e.g., L.O. v. New York City Dep't of Educ.*, 822 F.3d 95, 109 (2d Cir. 2016). In *L.O.*, the Second Circuit described as procedural violations the school district's failure to review evaluation results, failure to perform a functional behavioral assessment ("FBA") and develop a behavior intervention plan ("BIP"), failure to provide adequate speech therapy and failure to include in the individualized education program ("IEP") measureable goals and objectives. *Id.* at 110, 113, 116, 118, 123.

8.  A procedural violation entitles parents to relief only if it: "(I) impeded the child's right to a [FAPE]; (II) significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a [FAPE] to the parents' child; or (III) caused a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii). "Multiple procedural violations may cumulatively result in the denial of a FAPE even if the

violations considered individually do not." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 190 (2d Cir. 2012).

9. In lies of an opening statement at the Due Process Hearing, the Parents identified nine procedural violations committed by the District that impeded the Student's right to a FAPE, significantly impeded Parent's opportunity to participate in the decision making process regarding the provision of a FAPE and caused a deprivation of educational benefits. 20 U.S.C. § 1415(f)(3)(E)(ii).

10. Following the due process hearing, the parties submitted post-hearing briefs. Parents' Post-Hearing brief discussed the nine procedural violations raised initially, additional procedural violations presented at the Hearing, and evidence supporting the denial of a Free Appropriate Public Education. in the subsequent discussion. Even so, the hearing officer's decision states, *"[Parents] did not raise any procedural violations of the IDEA* and as such, this hearing officer hereby finds that the District did not deny FAPE to [Student] on account of any violation of any procedural issues." **HO Decision, p. 70**. The hearing officer erred as a matter of law by failing to consider the procedural violations proved by Parents at the due process hearing.

11. The hearing officer found:

> Beginning in early 2018 the atmosphere, coordination, support and interaction between the Parent's (sic) and the District has (sic) virtually dissolved and is at this point almost non-existent. . . . This situation has evolved into one which the Student himself is the controlling factor. The District is powerless at this time to control his disruptive physical outbursts due to the Parent's (sic) position demanding no physical contact with the Student.

**HO Decision, p. 71**. The hearing officer erred as a matter of law in blaming Parents for the District's failure to meet its obligations under the IDEA.

12. School districts have "an affirmative duty to review and revise, at least annually, an eligible child's IEP. *See, e.g.*, 20 U.S.C. § 1414(d)(2)(A), (4)(A); 34 C.F.R. §§ 300.323(a), 300.324(b)(1). Nothing in the statute makes that duty contingent on parental cooperation with, or acquiescence in, the state or local educational agency's preferred course of action." *Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1055 (9th Cir. 2012). It is "antithetical to the IDEA's purposes to penalize parents—and consequently children with disabilities—for exercising the very rights afforded to them under the IDEA. *See* 20 U.S.C. § 1400(d)(1)(B) (explaining that one of the IDEA's purposes is 'to ensure that the rights of children with disabilities and parents of such children are protected')." *Id.* at 1056. Accordingly, school districts "cannot excuse their failure to satisfy the IDEA's procedural requirements by blaming the parents." *Id.* at 1055.

13.     Similarly, school districts have an affirmative duty to revise a child's BIP if it is not working. The school district's duty is not contingent upon the child's cooperation where the failure to cooperate is a manifestation of the child's disability. *See Indep. Sch. Dist. No. 284 v. A.C.*, 258 F.3d 769, 777 (8th Cir. 2001) (finding denial of FAPE where "truancy and disruptiveness had substantially prevented her from receiving educational benefit."). As the Eighth Circuit explained in *A.C.*, "If the problem prevents a disabled child from receiving educational benefit, then it should not matter that the problem is not cognitive in nature or that it causes the child even more trouble outside the classroom than within it. What should control our decision is not whether the problem itself is 'educational' or 'non-educational,' but whether it needs to be addressed in order for the child to learn." *Id.* The hearing officer erred as a matter of law in blaming Student for the District's failure to meet its obligations under the IDEA.

14.     The District failed and/or refused to provide Student required evaluations, and as a result, Parent paid for an occupational therapy evaluation and a speech-language evaluation. Parents provided these to the District at the 21 February 2018 IEP meeting, but the District refused to discuss them. The occupational therapy evaluation showed the immediate need for occupational therapy. The hearing officer erred as a matter of law in

not awarding compensatory occupational therapy and in not awarding parent reimbursement for the cost of these evaluations.

15. The hearing officer was correct in finding that the District denied Student a FAPE during the 2017-18 school year, but the hearing officer erred by failing to award appropriate relief. Accordingly, Parents respectfully request appropriate relief more particularly described in the prayer below.

### Student's §504 Claim

16. Student is a qualified individual with a disability.

17. The District is a public entity receiving federal funds.

18. The District discriminated against Student on the basis of his disability. In particular, the District disciplined Student for disability-related behaviors by using intimidation, exclusions, coercion, seclusion and physical restraints resulting and emotional and physical harm to Student.

19. The District physically and emotionally harmed Student in bad faith or with gross misjudgment by departing substantially from accepted professional judgment, practice or standards as to demonstrate that those responsible actually did not base the decision on such a judgment.

20. The District refused to follow guidelines issued by the Arkansas Department of Educational ("ADE") regarding the use of physical restraints and refused to follow the ADE Rules and Regulations concerning the use of the Timeout Seclusion Room. ADE Reg 20.00.

21. The District failed to employ practices based on peer-reviewed research to the extent practicable.

22. As a result of the District's unlawful discrimination, Student has incurred pecuniary and non-pecuniary losses for which he should be compensated.

## Student's Retaliation Claim

23. Student engaged in protected activity. Student, through Parents, asserted his right to a FAPE under the IDEA and his right not to be discriminated against because of his disability-related behaviors under §504.

24. The District took adverse action against Student for engaging in protected activity, including but not limited to engaging in intimidation, coercion, seclusion, physical restraint, to disciplining and suspending Student and to calling the police on Student.

25. There is a causal connection between Student's protected activity and the District's adverse action. The District's adverse action follows closely in time to Student's protected activity, and the District can offer no legitimate, non-discriminatory reason for the adverse action.

26. As a result of the District's unlawful retaliation, Student has incurred pecuniary and non-pecuniary losses for which he should be compensated.

## Parents' Retaliation Claim

27. Parents engaged in protected activity. Parents asserted their rights and the rights of Student under the IDEA and §504.

28. The District took adverse action against Student in retaliation for Parents engaging in protected activity, including but not limited to engaging in intimidation, coercion, seclusion and restraint of Student, to disciplining and suspending Student and calling the police to arrest the Student once he became of age to be prosecuted in juvenile court.

29. The District took adverse action against Parents for engaging in protected activity by refusing to comply with the IDEA and §504, including refusing to provide required evaluations, refusing to reimburse Parents for required evaluations secured by them and having Student's mother arrested for trespassing on the school campus after the District called and requested that she come to the school campus.

30. There is a causal connection between Parents' protected activity and the District's adverse action. The District's adverse action follows closely in time to Parents' protected activity, and the District can offer no legitimate, non-discriminatory reason for the adverse action.

31. As a result of the District's unlawful retaliation, Parents have incurred pecuniary and non-pecuniary losses for which they should be compensated.

## IDEA Attorneys' Fees Claim

32. Parents are the prevailing party in the state administrative proceeding and entitled to recover reasonable attorneys' fees as a part of the costs. *See* 20 U.S.C. §1415(i)(3).

33. To the extent Parents prevail on their IDEA attorneys' fee claim and IDEA appeal, Parents will be entitled to recover attorneys' fees for work in these proceedings.

## Jury Demand

34. Parents and Student demand a jury trial.

## Prayer

WHEREFORE, Parents pray that the hearing officer's award of relief be reversed; that Parents be awarded appropriate relief under the IDEA, including compensatory education, compensatory occupational therapy, an FBA and appropriate BIP prepared by a behavior consultant approved by Parents, an appropriate IEP, and reimbursement the costs of evaluations paid by Parents; that Parents and Student be awarded compensatory damages for their pecuniary and non-pecuniary losses in an amount determined by a jury; that Parents be awarded their costs and attorneys' fees incurred in the State administrative proceeding and

in proceedings in this Court; and, that Parents be awarded all other just and proper relief to which they may be entitled.

                Respectfully submitted,

                Theresa L. Caldwell (Ark. Bar No. 91163)
                **CALDWELL LAW OFFICE**
                8030B Counts Massie Road
                Maumelle, AR 72213
                501-414-0434
                Fax: 501-325-1502
                tlcatty@gmail.com

                _____
                Theresa L. Caldwell

*Attorney for R.P. and R.P.*